**Faraon R. ABASTA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3194.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2002.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Faraon Abasta ("Abasta") appeals the decision of the Merit Systems Protection Board ("Board") dated June 19, 2000, which on February 21, 2001, became the final decision of the Board. The decision upheld the decision of the Office of Personnel Management ("OPM") that Abasta had not established entitlement to a retirement annuity benefit under the Civil Service Retirement System ("CSRS"). Because the Board's decision is supported by substantial evidence, we *affirm*.

## Background

Abasta seeks a retirement annuity based on his civilian federal service as a carpenter with the Department of the Navy, Public Works Center at Subic Bay, Philippines. Abasta served under a series of temporary appointments from October 8, 1975, through September 28, 1988. On September 29, 1988, his appointment was converted to an "excepted appointment," under Civil Service Rule 8.3.[1] Abasta

served under this appointment continuously until September 30, 1992, when he resigned in lieu of involuntary separation by reduction in force.

On February 8, 1999, Abasta applied for a retirement annuity benefit under the Civil Service Retirement Act ("CSRA"). After his application was initially denied by OPM, Abasta sought reconsideration, claiming his "excepted appointment" was not properly excluded from coverage under the CSRS because the appointment was not qualified with the designation "indefinite." OPM affirmed its initial decision because, although Abasta's temporary appointment was converted to an excepted appointment on September 29, 1988, without a limitation or designation of "indefinite," all of the official personnel action forms evidencing his federal service show that he held a position that was not covered under the CSRA.

Abasta appealed OPM's decision to the Board. On June 19, 2000, in an initial decision, the administrative judge ("AJ") affirmed OPM's denial of an annuity under CSRA. The Board noted that, although Abasta's September 1988 excepted appointment does not contain the designation "indefinite," "this appears to be a clerical error." *Abasta v. OPM*, SE083100014111 at *4 (Initial Decision, June 19, 2000.) To support this finding, the AJ explained that all of the other indications on the official personnel appointment were indicative of an appointment that is not covered by the CSRS. *Id.* In particular, Box 8 on the Personnel Action Form ("SF–50"), which covers "retirement," contained the number 5, which means "other," *i.e.*, no federal retirement annuity. *Id.* at *4–*5. Similarly, the AJ noted that Abasta was not covered under "FICA" and was ineligible

---

1.  Civil Service Rule 8.3 governs the appointment of persons who are not citizens of the United States to positions overseas.

for federal life insurance coverage. *Id.* at *5. Finally, the AJ referred to the "Annuitant Indicator" in Box 15, which stated that it was not applicable. *Id.* Based on these indicators, the AJ concluded that Abasta had not established that he was entitled to an annuity under the CSRS. *Id.* The full Board denied Abasta's petition for review and the initial decision became final.

Abasta then appealed to this court. We have jurisdiction over appeals from the Board under 28 U.S.C. § 1295(a)(9). On May 23, 2001, we ordered Abasta to show cause why his petition for review should not be dismissed based upon issues that were decided in *Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir. 1995). Both parties responded. Finally, by order dated August 24, 2001, the court directed the parties to submit briefs.

**Discussion**

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See* 5 U.S.C. §§ 7703(c)(1),(2). When the Board's final decision rests on findings of fact, we must accept those findings unless they are shown to lack substantial evidentiary support. *See* 5 U.S.C. § 7703(c)(3). Under this standard of review, a court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bradley v. Veterans Admin.,* 900 F.2d 233, 234 (Fed.Cir. 1990) (citing *Consolidated Edison Co. v. Nat'l Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The petitioner has the burden of proof of demonstrating entitlement to retirement benefits. *See Cheeseman v. Office of Pers. Mgmt.,* 791 F.2d 138, 141 (Fed.Cir.1986).

Eligibility for retirement benefits under the CSRA requires that an employee complete at least five years of "creditable" service and that at least one of the two years of service immediately prior to separation be "subject to" the CSRA, *i.e.,* "covered" service. 5 U.S.C. § 8333; *see also Rosete,* 48 F.3d at 516. "Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." *See Id.* (citing *Noveloso v. Office of Pers. Mgmt.,* 45 M.S.P.R. 321, 323 (1990), *aff'd* 925 F.2d 1478 (Fed.Cir.1991)). We find substantial evidence supports the Board's decision that Abasta has not shown he is entitled to a retirement annuity under CSRA.

First, all of Abasta's SF–50s indicate that he was not subject to civil service retirement coverage pursuant to the CSRA. Each SF–50 indicates that "Retirement Plan" is "5" or "other," *i.e.,* no federal retirement annuity. Second, there is no evidence that any civil service retirement deductions were taken from Abasta's pay during his periods of service. Because Abasto did not deposit part of his pay into the Civil Service Retirement and Disability Fund, his service under any of his appointments cannot be considered covered by the CSRA.[2] *See id.* Because a reasonable mind might accept this evidence as adequate to support the Board's decision, the Board's decision is supported by substantial evidence. *See Bradley,* 900 F.2d at 234.

---

**2.** In fact, under the collective bargaining agreements between the Federation of Filipino Civilian Employees Associations and the United States Armed Forces Bases in the Philippines, Abasta received retirement benefits, in the form of a severance award, in an amount equal to 100% of 16 months basic pay.

Abasta argues that the omission of "indefinite" was not a clerical error and that his last appointment was subject to the CSRA because it was an excepted appointment "with no qualifications." This argument is unavailing, however, because prior Board decisions, subsequently affirmed by this court, have addressed the issue of whether applicants whose employment has been converted from temporary (or indefinite) appointments to appointments "without limitation" are eligible for benefits under the CSRA. *See Reyes v. Office of Pers. Mgmt.*, 60 M.S.P.R. 172 (1993), *aff'd*, 29 F.3d 645 (Fed.Cir.1994) (table); *Paderes v. Office of Pers. Mgmt.*, 63 M.S.P.R. 642 (1994), *aff'd*, 61 F.3d 919 (Fed.Cir.1995) (table); *Lorica v. Office of Pers. Mgmt.*, 63 M.S.P.R. 253, *aff'd*, 66 F.3d 346 (Fed.Cir. 1995) (table). In each of these cases the Board determined that an appellant's service is not covered by the CSRA where the SF–50s describing that service indicate that he was not subject to the CSRS (for example, where the appellant's SF–50 retirement system code designation consistently is 5, indicating other than CSRS retirement coverage) and that he received retirement pay in accordance with a collective bargaining agreement. *See Reyes*, 60 M.S.P.R. at 175; *Paderes*, 63 M.S.P.R. at 644–45; *Lorica*, 63 M.S.P.R. at 256. The facts of this case fall squarely within those described above: all of Abasta's SF–50s show that he was not covered under the CSRS and his final SF–50 shows that he was "[e]ntitled to severance pay equivalent to 100% of 16 months basic pay." Accord-

ingly, we reject Abasta's argument that merely because his SF–50 did not say "indefinite," he was covered by the CSRS.

Citing 5 C.F.R. § 351.502, Abasta also argues that his tenure group status when his position was converted, *i.e.*, Group I as of September 29, 1988, is sufficient evidence to warrant entitlement to a CSRS benefit.[3] However, as we indicated in *Rosete*, tenure group status is only relevant if the appellant produces evidence showing that his service was at any time subject to the CSRS and that his personnel record is incomplete as to that issue. *See Rosete* 48 F.3d. at 519–20 (citing *Fredeluces v. Office of Pers. Mgmt.*, 57 M.S.P.R. 598, 602 n. 4 (1993)). Here, Abasta has not produced evidence that his service was ever subject to the CSRS or that his records were incomplete. Accordingly, Abasta's tenure group argument is unpersuasive.[4]

To the extent Abasta argues that *Rosete* was incorrectly decided, we must disagree. First, Abasta provides no support for this contention, other than his interpretation of the regulation at issue in that case, 5 C.F.R. § 831.201. Second, even if we found his argument convincing, this panel is bound by *Rosete* unless and until it is overturned *en banc*. *See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir.1988) (citing *UMC Elecs. Co. v. United States*, 816 F.2d 647, 652 (Fed.Cir.1987)).

Because there is "such relevant evidence as a reasonable mind might accept as adequate to support [the Board's] conclusion," we find that substantial evidence supports

---

3. The relevant portion of the regulation states that "Group I includes each permanent employee whose appointment carries no restriction or condition such as conditional, indefinite, specific time limit, or trial period." 5 C.F.R. § 351.502(b)(1).

4. Abasta also argues that at least one of his colleagues, Mr. Quimen, who received a conversion of his appointment to "excepted"

without the "indefinite" designation the same day, September 29, 1988, and whose SF–50 greatly resembles Abasta's, was eligible for benefits under CSRA. For this reason, Abasta contends, he, too, should be granted benefits. However, Abasta has not provided sufficient evidence or explanation to support this contention.

the Board's determination Abasta was not entitled to a retirement annuity benefit under CSRS. *See Bradley,* 900 F.2d at 234. Therefore, the Board's decision is affirmed.